UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY BROWN, ET AL.                                CIVIL ACTION

VERSUS                                            NO: 04-1664

WERNER ENTERPRISES, INC., ET                      SECTION: "A" (5)
AL.

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 75)** filed by plaintiff Mary Brown. Defendants Werner Enterprises, Inc. and Denis Kisseloff oppose the motion. The motion, set for hearing on April 15, 2009, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

Mary Brown alleges that Denis Kisseloff backed his 18 wheeler into the 1993 Pontiac that she was driving. According to Brown's deposition testimony she was exiting a parking lot when the truck backed into her. She was looking the other way when she noticed the truck coming upon her. (Def. Exh. 3 at 22). Brown did not realize that the driver was in the truck at the time. (Id.).

According to Kisselhoff's deposition testimony, he was parked on the shoulder of the road outside of the parking lot that Brown attempted to exit. Kisselhoff testified that he checked both side mirrors and saw no vehicle behind him. (Def.

Exh. 1 at 20-22). Kisselhoff admitted, however, that the truck has a blind spot directly behind it such that a car parked facing in the same direction could not be seen. (Id. at 35). Kisselhoff did not know that he had backed into a vehicle until the police flagged him down several blocks away. (Id. 23-24). Kisselhoff testified that the truck was moving at a crawl and that assertion was corroborated by an eyewitness, (Def. Exh. 2 at 13), as well as by the photographs of the Pontiac, (Def. Exh. 4).

Brown now moves for summary judgment on the issue of fault because the sworn testimony of the various witnesses proves that the accident occurred when Kisselhoff's truck backed into Brown's vehicle.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id.

(citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The motion is DENIED because the Court cannot conclude based on the current record that Kisselhoff was 100 percent at fault for the accident. Brown's testimony and the photographs of the Pontiac confirm that Brown's vehicle would have been perpendicular to Kisselhoff's truck at the time of the accident. Defendants attest that the width of the truck was several feet narrower than the length of the Pontiac which means that if the accident occurred the way that Brown contends that it did, then her car should have been visible in the truck's side mirrors. However, Kisselhoff unequivocally testified that he checked the side mirrors before backing up and that no car was in his path. (Def. Exh. 1 at 22). The record presents genuine issues of

material fact that preclude summary judgment in Plaintiffs' favor.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 75)** filed by plaintiff Mary Brown is **DENIED.**

April 28, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE